# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

## CIVIL RIGHTS COMPLAINT FORM
To be used by prisoners in Actions under 42 U.S.C. §1983

JOSEPH LOUIS D'ALESSANDRO III,
Inmate #B08864, Plaintiff,

v.

AMENDED COMPLAINT
CASE NO: 3:17-CV-97-LC/EMT

J. COKER,
G. TAYLOR,
J. GAYNOR,
__.SCHROCK,
A. PARTIN,
W. STEPHENS,
__ ROSATI,
    Defendant(s)
(All sued in their individual capacities)
_____/

I. PLAINTIFF:
Joseph Louis D'Alessandro III
Inmate # B08864
Union Correctional Institution
P.O. Box 1000
Raiford, Florida 32083

II. DEFENDANT(S):
1). J. Coker (Warden)
    Santa Rosa C.I.
    5850 East Milton Road
    Milton, Florida 32583

2). G. Taylor (Lieutenant)
   Santa Rosa C.I.
   5850 East Milton Road
   Milton, Florida 32583

3). J. Gaynor (Lieutenant)
   Santa Rosa C.I.
   5850 East Milton Road
   Milton, Florida 32583

4). ____ Schrock (Lieutenant)
   Santa Rosa C.I.
   5850 East Milton Road
   Milton, Florida 32583

5). A. Partin (Correctional Officer)
   Santa Rosa C.I.
   5850 East Milton Road
   Milton, Florida 32583

6). W. Stephens (Sergeant)
   Santa Rosa C.I.
   5850 East Milton Road
   Milton, Florida 32583

7). ___ Rosati (Medical Nurse)
   Santa Rosa C.I.
   5850 East Milton Road
   Milton, Florida 32583

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

Exhaustion of Administrative remedies is required prior to pursuing a Civil Rights Action regarding conditions or events in any prison, jail, or detention center, 42 V. S.C. §1997 e (a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

2

IV. PREVIOUS LAW SUITS:

A. Have you initiated other actions in State Court dealing with the same or similar facts / issues involved in this action?    No x.

B. Have you initiated other actions in Federal Court dealing with the same or similar facts / issues involved in this action?    No x.

C. Have you initiated other actions (besides those listed above in questions (A) and (B) in either State or Federal Court that relate to the fact or manner of your incarceration (including Habeas Corpus Petitions) or the conditions of your confinement (including Civil Rights Complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?    No x.

D. Have you ever had any actions in Federal Court dismissed as frivolous, malicious, failing to state a claim, or prior to service. If so, identify each and every case so dismissed:    No x.

V. STATEMENT OF FACTS:

On April 5th, 2016 at Santa Rosa C.I. in Echo Dormitory I declared a psychological emergency. Sergeant Stephens and Correctional Officer Partin applied hand restraints and escorted me from Cell #E3120 to the group room to speak with the Mental Health Specialist. I explained my issue about my suicidal and self-harm thoughts. I was then placed inside a locked shower. Stephens came and told me to give him the hand restraints and strip down to my boxers, that I am going on 72 hour property restriction. I called a psychological emergency again to be denied by Mental Health. Lieutenants Taylor, Gaynor, and Schrock came and told me to give them the hand restraints and strip down to my boxers, that I am going on 72 hour property restriction. I declared my same ongoing psychological emergency, and repeatedly was denied that right. I did not refuse to comply with security officers' commands at any time during this incident.

While I was in the locked shower, my hands still in restraints, and under

3

extreme psychological stress, I was sprayed several times with chemical agent "gas" by Stephens. I was not allowed a shower to wash all the chemical agent "gas" from my entire body. I told Lieutenants Gaynor, Schrock and Taylor that my skin and eyes are severely burning, and I am having difficulty breathing. I also told Stephens and they ignored my pleas for a proper shower. I was then examined by Medical Nurse Rosati. I told Nurse Rosati I was not allowed a shower. I had "gas" all over my entire body that's severely burning my skin and eyes and is affecting my breathing. Nurse Rosati did not medically treat me at all.

I was then placed back to Cell #E3120. Stephens shut off the toilet and sink water in the cell. I could not even attempt to wash the "gas" off my entire body in the cell toilet or sink water. I declared a medical emergency because my skin and eyes are severely burning and my breathing is affected from the chemical agent "gas." Nurse Rosati denied medical treatment for my injuries at complaint.

VI. STATEMENT OF CLAIMS:

1). Warden J. Coker, Lieutenants G. Taylor, J. Gaynor, ___ Schrock, and Correctional Officer A. Partin violated my 8th Amendment United States Constitutional Right by deliberate indifference and did not intervene, allowing Sergeant W. Stephens to spray me excessively with chemical agent "gas" while I was in a locked shower, in hand restraints, causing me physical and mental pain and suffering.

2). Sergeant W. Stephens violated my 8th Amendment United States Constitutional Right by using excessive force, cruel and unusual punishment in a malicious and sadistic manner, causing me physical and mental pain and suffering.

3). Medical Nurse ___ Rosati violated my 8th Amendment United States Constitutional Right by deliberate indifference not providing medical treatment for the excessive force that caused me injuries to my skin, eyes, and affected my

4

breathing.

VII. RELIEF REQUESTED:

    A. Award Compensatory damages in the following amounts:

    1. $250,000.00 jointly and severally against defendants Coker, Taylor, Gaynor, Schrock and Partin for not intervening and allowing Stephens to use excessive force and cause me physical and mental pain and suffering.

    2. $50,000.00 against defendant Stephens for the excessive force used that caused me physical and mental pain and suffering.

    3. $50,000.00 against defendant Rosati for not providing medical treatment for injuries caused by the excessive force used that caused me physical and mental pain and suffering.

    B. Award Punitive damages in the following amounts:

    1. $50,000 each against defendants Coker, Taylor, Gaynor, Schrock and Partin.

    2. $50,000 against defendant Stephens.

    3. $50,000 against defendant Rosati.

    C. Grant such other relief as it may appear that plaintiff is entitled.

I DECLARE under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct.

3/21/17
(Date)

(Signature of Plaintiff)

If mailed by Prisoner:

I DECLARE (or CERTIFY) under penalty of perjury that this Complaint was delivered to prison officials for mailing on: The 23rd day of March, 2017.

Respectfully submitted,

Joseph Louis D'Alessandro III
Inmate DC# B08864
Union Correctional Institution
P.O. Box 1000
Raiford, Florida 32083

RECIEVED
UNION CORRECTIONAL INSTITUTION
MAR 23 2017
BY: _____
FOR MAILING

6

U.S. POSTAGE
ZIP 32026
02 1W
0001383721

Mailed from a State Correctional Institution

Joseph Louis D'Alessandro, III
DC# B08104
U.C.I.
P.O. Box 1000
Raiford, FL 32083

U.S. District Court
100 North Palafox Street
Pensacola, FL 32502

LEGAL MAIL