Filed0605'17UsDcFln3PM1246

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## Pensacola DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Joseph Louis D'Alessandro III,
Inmate # B08864
(Enter full name of Plaintiff)

SECOND AMENDED COMPLAINT

vs.

CASE NO: 3:17cv97-LC/EMT
(To be assigned by Clerk)

J. Coker, G. Taylor,
J. Gaynor, . Schrock,
W. Stephens, . Rosati,

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

I. **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Joseph Louis D'Alessandro III
Inmate Number: B088104
Prison or Jail: Union CI
Mailing address: P.O. Box 1000
Raiford, FL 32083

II. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: J. Coker
    Official position: Warden
    Employed at: Santa Rosa CI
    Mailing address: 5850 E. Milton Rd.
    Milton, FL 32583

(2) Defendant's name: G. Taylor
    Official position: Lieutenant
    Employed at: Santa Rosa CI
    Mailing address: 5850 E. Milton Rd.
    Milton, FL 32583

(3) Defendant's name: J. Gaynor
    Official position: Lieutenant
    Employed at: Santa Rosa CI
    Mailing address: 5850 E. Milton Rd.
    Milton, FL 32583

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

II. DEFENDANT(S):

(4) Defendant's Name: ___. Schrock
Official position: Lieutenant
Employed at: Santa Rosa CI
Mailing address: 5850 E. Milton Rd.
Milton, FL 32583

(5) Defendant's name: W. Stephens
Official position: ~~Lieutenant~~ Sergeant
Employed at: Santa Rosa CI
Mailing address: 5850 E. Milton Rd.
Milton, FL 32583

(6) Defendant's name: ___. Rosati
Official Position: Medical Nurse
Employed at: Santa Rosa CI
Mailing address: 5850 E. Milton Rd.
Milton, FL 32583

2a

III. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV. **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )    No(X)

1. Parties to previous action:
   (a) Plaintiff(s): _____
   (b) Defendant(s): _____
2. Name of judge: _____   Case #: _____
3. County and judicial circuit: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____
   _____

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )    No(X)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____

3

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(X)   No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
    a. Plaintiff(s): Joseph Louis D'Alessandro III
    b. Defendant(s): . Schrock, J. Ellis, . Gibbs, Pensacola Division
2. District and judicial division: U.S. District Court for the Northern District of Florida
3. Name of judge: Charles J. Kahn Jr.   Case #: 3:17cv 95/RV/CJK
4. Approximate filing date: February 7, 2017
5. If not still pending, date of dismissal: ____
6. Reason for dismissal: ____
7. Facts and claims of case: Excessive Physical Force. 8th - Amendment Violation.

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(X)

1. Parties to previous action:
    a. Plaintiff(s): _____
    b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case Docket # _____
4. Approximate filing date: _____   Dismissal date: _____
5. Reason for dismissal: _____

4

6. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. At all times relevant to this complaint Plaintiff was incarcerated at Santa Rosa Correctional Institution ("SRCI"), and was housed in cell 3120 in E-dormitory.
2. Each defendant acted under color of state law during the events described in this complaint.
3. The events described in this complaint occurred on April 5, 2016, from approximately 9:30 a.m. to 1:30 p.m.
4. Plaintiff declared a psychological emergency.
5. At that time Sergeant Stephens and Officer Partin placed Plaintiff in hand restraints etc., and escorted him from his cell to the group room to speak with Ms. J. Turk, a mental health specialist.
6. Once in the group room Plaintiff informed Ms. Turk that he was experiencing suicidal ideations, and hallucinations.
7. Ms. Turk told plaintiff that there was no SHOS cells, which are located in the Multi-Service-Building ("MSB"), so plaintiff was going to be placed on "Procedure Enhancement", which is property restriction, and would remain housed in his current cell.
8. Property restriction refers to the removal of his clothes - except for his boxer shorts - bedding, linen, and personal property from his cell for 72 hours.
9. SRCI has a de facto policy of placing people on property restriction, instead of in SHOS cells.

5

10. Plaintiff was then escorted from the group room to a locked shower, which is often used as a temporary holding cell.

11. Sergeant Stephens then told Plaintiff to strip down to his boxers (for property restriction), but Plaintiff declared another psychological emergency.

12. Plaintiff is, and was at that time, diagnosed with Schizophrenia.

13. Lieutenants Taylor, Gaynor, and Schrock then came and told Plaintiff to give them the hand restraints and strip down to his boxers to be placed on property restriction.

14. Plaintiff declared another psychological emergency, being in extreme mental distress he did not have the capacity at that time to comply with their orders; he was experiencing a psychological episode.

15. Being that Ms. Turk placed Plaintiff on "procedure enhancement" she recognized with her proffessional judgment that Plaintiff needed a higher mental health classification.

16. Thus, on information and belief, Plaintiff's S-grade was raised to a S-4 or S-5, because all inmates in S.H.O.S. cells are S-4 and S-5.

17. On information and belief, inmates classified as S-4 or S-5 are not to be subjected to Non-Spontaneous use of Chemical agents.

18. Lieutenant Gaynor then came and informed me that Warden Coker had autorized use of chemical agents, as well as cell extraction.

19. I was then subjected to Non-Spontaneous use of chemical agents, as well as cell extracted from the shower cell.

20. If Plaintiff would've been housed in the regular SHOS cells in "MSB" he would not have been subjected to D.O.C.'s Non-Spontaneous use of Chemical agents.

Statement of Facts Continued:

21. On information and belief, each defendant was aware that chemical agent was administered onto Plaintiff.
22. Plaintiff was not given a sufficient decontamination shower, he was only allowed to rinse his face because they kept him in restraints.
23. During Plaintiff's post use of force medical examination conducted by Nurse Rosati, Plaintiff informed her that he was not given a sufficient decontamination cool water shower, that he had chemical agent all over his entire body that severely burned his skin, eyes and affected his breathing.
24. On information and belief, Nurse Rosati did not document/report Plaintiff's complaints.
25. Plaintiff was then escorted to his cell and placed on property restriction.
26. Sergeant Stephens then cut off the water to Plaintiff's sink and also made it to where Plaintiff couldn't attempt to wash off the chemicals.
27. Although Plaintiff was no longer combative or resistent to any lawful order, he was exposed to residual chemical agent for a protracted period of time without an opportunity for him to decontaminate himself.
28. Plaintiff suffered psychologically because of the extended exposure to chemical agent. It expcerlated his mental illness.

VI. STATEMENT OF CLAIMS:
1. The action of Taylor, Gaynor, Schrock, Stephens and Rosati in not giving Plaintiff an adequate cool water decontamination shower was done maliciously and sadistically and constituted excessive force in violation of Plaintiff's right under the Eighth Amendment to the United States Constitution.
2. The action of Sergeant Stephens in cutting off the water to Plaintiff's cell, so that he couldn't decontaminate himself constituted cruel and unusual punishment in violation of Plaintiff's right under the Eighth Amendment to the United States Constitution.
3. The actions of Taylor, Gaynor, Schrock, Stephens, and Coker in subjecting Plaintiff to Non-Spontaneous use of Chemical agent when he was S-4/S-5, and during a psychotic episode which rendered him unable to comply with their verbal orders.

VII. RELIEF REQUESTED:
Wherefore the Plaintiff request the court grant the following relief:
   A. Plaintiff seeks jury trial on all issues triable by jury.
   B. Issue declartory relief stating that the acts and omissions described herein violate his rights under the Eighth Amendment of the United States Constitution.
   C. Award nominal damages against each defendant jointly and severally.
   D. Recovery of his cost in this suit.
   E. Any additional relief this Court deems just, proper, and equitable.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACTS, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

5/31/17
(Date)

(Signature of Plaintiff)

IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was delivered to prison officials for mailing on: the 1st day of June, 2017.

RECIEVED
UNION CORRECTIONAL INSTITUTION
JUN 01 2017
BY: MG
FOR MAILING

(Signature of Plaintiff)

8



Joseph D'Alessandro, # B08864
Union C.I.
P.O. Box 1000
Raiford, FL 32083

Mailed from a State
Correctional Institution

U.S. District Court
100 North Palafox Street
Pensacola, FL.
32502-5665