**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JOSEPH LOUIS D' ALESSANDRO,
III,

        Plaintiff,

v.                            Case No.:    3:17-CV97/LAC

J. COKER,
G. TAYLOR,
J. GAYNOR ET AL,

        Defendants.
_____/

**DEFENDANTS, JOHN GAYNOR'S & JOSEPH SCHROCK'S, MOTION
TO DISMISS PLAINTIFF, JOSEPH LOUIS D'ALESSANDRO'S SECOND
AMENDED COMPLAINT**

       COME NOW Defendants, John Gaynor and Joseph Schrock, by and through

undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), and

hereby move this Court to dismiss Plaintiffs' Second Amended Complaint, and as

grounds therefore state the following:

**Statement of Facts**

1.      On June 5, 2017, Plaintiff filed a Second Amended Complaint for violation

of his Eighth Amendment rights under the United States Constitution, for a

disciplinary event in which he alleges he was under a state of psychological

emergency. (See Doc 11, Plaintiff's Second Amended Complaint).

2.    Plaintiff's Second Amended Complaint alleges causes of action for violation of the Eighth Amendment of the United States Constitution, for excessive use of force, and cruel and usual punishment. (See Doc 11).

3.    Defendant John Gaynor was employed by the Florida Department of Corrections as a Close Management Housing Lieutenant, in the close management dorms for the Santa Rosa Correctional Institution, at all times material to the Second Amended Complaint. Plaintiff asserts that Defendant Gaynor acted under color of law, and he is being sued in his individual capacity. (See Doc.11, para. V, sub para. 2).

4.    The Second Amended Complaint fails to provide factual support for the allegations of knowledge being alleged against Defendant Gaynor.

5.    Defendant Joseph Schrock was employed by the Florida Department of Corrections as a Lieutenant Shift Supervisor, in the close management dorms for the Santa Rosa Correctional Institution, at all times material to the Second Amended Complaint. Plaintiff asserts that Defendant Schrock acted under color of law, and he is being sued in his individual capacity. (See Doc. 11, para. V, sub para 2).

6.    The Second Amended Complaint fails to provide factual support for the allegations of knowledge being alleged against Defendant Schrock.

## Memorandum of Law

1.      In this case, Plaintiff brings a cause of action for use of excessive force and cruel and usual punishment under the Eighth Amendment.

2.      At the time of the alleged harm, Defendants Gaynor and Schrock were acting within the course and scope of their employment. As such, Defendants Gaynor and Schrock were government officials, acting under the color of law, with discretionary authority. As such, they are immune from this action. *See Jorge T. v. Fla. Dept. of Children & Families*, 250 Fed. App'x. 954, 956 (11th Cir. 2007)("Government officials are immune from suit when acting within the scope of their discretionary authority unless they knowingly violate a clearly established statutory or constitutional right of which a reasonable person would have known.")

3.      In order for Plaintiff to establish that Defendants Gaynor and Schrock are not entitled to the benefit of qualified immunity, Plaintiff must prove that Defendant Gaynor's and Defendant Schrock's conduct "violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzales v. Reno*, 325 F. 3d 1228, 1233 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 731 (2002)). The Eleventh Circuit stated that "for qualified immunity to be surrendered, preexisting law must dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing

violates Federal law in the circumstances." *Lassiter v. Ala. A&M Univ.*, 28 F. 3d 1146, 1150 (11th Cir. 1994). In order for an individual to fall outside the realm of protection of qualified immunity, their actions essentially must be "plainly incompetent" or the actions of one "who knowingly violate[s] the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In the instant case, Plaintiff stated in his second amended complaint that, Defendants acted under color of state law. He failed to allege how Defendants acted with a knowing disregard for his clearly established statutory or constitutional rights.

4.     In the Statement of Claims, of Plaintiff's Second Amended Complaint, Plaintiff alleges that Defendant Gaynor and Defendant Schrock failed to give him an <u>adequate</u> cool water decontamination shower, which Plaintiff alleges was done maliciously and sadistically, constituting excessive force in violation of Plaintiff's Eighth Amendment rights. (See Doc. 11, para VI, sub para. 1). Plaintiff acknowledges that he received a cool water decontamination shower. (See Doc. 11, para. VI, sub para. 22). Plaintiff has failed to establish how the cool water decontamination shower he received, both violated the established protocol of FDOC or Santa Rosa Correctional Facility, or constituted cruel and unusual punishment for which Defendants may be personally sued, which Plaintiff must establish rose to the level of: "plainly incompetent" or the actions of one "who

knowingly violate[d] the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Plaintiff has failed to make such allegations in his second amended complaint.

5.     Plaintiff also alleges that, "[t]he actions of Taylor, Gaynor, Schrock, Stevens, and Coker in subjecting Plaintiff to Non-Spontaneous use of Chemical agent when he was S-4/S-5 level, and during a psychotic episode which rendered him unable to comply with their verbal orders." (See Doc. 11, para. VI., Statement of Claims, sub para. 3). Plaintiff has failed to state a cause of action in this allegation, e.g. use of excessive force in violation of his Eighth Amendment right to the United States Constitution. As such, Plaintiff's claim in sub para. 3 against Defendants Gaynor and Schrock should be dismissed or struck as irrelevant.

6.     To support a cause of action for cruel and unusual punishment, a plaintiff must plead well supported factual conduct, which would allow the Court, on its own accord, to draw the reasonable inference that the defendant was indeed liable for the alleged wrong. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff has failed to state an alleged wrong.

7.     Under Federal Law, "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007).  Additionally, the Supreme Court has noted that, in order for a Plaintiff "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id., see also Gonzalez v. Kay*, 577 F. 3d 600, 603 (5th Cir. 2009).

8.      The First Circuit Court of Appeals in *Ocasio-Hernandez v. Fortuno-Burset*, 640 F. 3d 1, (1st Cir. 2011) delineated a two prong test that the Court employs when resolving a motion to dismiss. The Court noted that its analysis "begins by identifying and disregarding statements in the complaint that merely offer 'legal conclusions couched as fact' or threadbare recitals of the elements of a cause of action." *Id*. The Court found that a "plaintiff was not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action. *See Ocasio-Hernandez*, 640 F. 3d 1, quoting *Twombly*, 550 U.S. at 555 (2007), *see also Sanchez v. Pereira–Castillo*, 590 F. 3d 31, 49 (1st Cir. 2009) (disregarding as conclusory, under *Iqbal 's* first prong, a factual allegation that merely "[p]arrot[ed] our standard for supervisory liability in the context of Section 1983" in alleging that defendants had "failed to [supervise] with deliberate indifference and/or reckless disregard of Plaintiff's federally protected rights"). *Iqbal*, 129 S. Ct. at 1951 ("To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical . . . It is the conclusory nature of respondent's

allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). But *Peñalbert–Rosa v. Fortuño–Burset*, 631 F. 3d 592, 595 (1st Cir.2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual.") "The make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F. 3d 25, 29 (1st Cir. 2010); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F. 3d 1, 12–13 (1st Cir. 2011).

9.     As previously stated, Plaintiff has failed to establish that Defendants deliberately acted with indifference to Plaintiff's medical needs. Further, Plaintiff failed to establish that Defendants acted outside the course and scope of their employment, and that, under the circumstances, Defendants' alleged actions rose above mere negligence and to the level of cruel and unusual punishment.

10.     Although Defendants do not admit that their involvement in Plaintiff's incarceration and care at Santa Rosa Correctional Institution was improper or deficient in any way, to the extent that Plaintiff alleges Defendants' conduct violated Plaintiff's Eighth Amendment rights, Defendants Gaynor and Schrock argue that such action is barred, and that their actions, as FDOC employees are protected. At the time of the alleged harm, Defendant Gaynor and Defendant

Schrock were Lieutenants employed by FDOC at the Santa Rosa Correctional Institution. (See Doc. 11, para II). Defendants acted within the course and scope of their employment, and without facts that establish a knowing violation of a clearly established statutory or constitutional right, Defendants are immune from suit. *See Jorge T. v. Fla. Dept. of Children & Families*, 250 Fed. App'x. 954, 956 (11th Cir. 2007).

11.     When determining whether qualified immunity applies, a determination must be made as to whether the action or inaction was within the government official's discretionary duty. A government official acts within his discretionary authority when his actions "(1) 'were undertaken pursuant to the performance of his duties' and (2) were 'within the scope of his authority.'" *Jordan v. Doe*, 38 F. 3d 1559, 1566 (11th Cir. 1994) (quoting *Rich v. Dollar*, 841 F. 2d 1558 (11th Cir. 1988)).

12.     A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if allegations show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F. 3d 1014, 1022 (11th Cir. 2001). Qualified immunity entitles Defendants to not face the burdens of standing trial and the process of litigation, and therefore must be resolved "at the earliest possible state in litigation." *Gonzalez v. Reno*, 325 F. 3d 1228, 1233 (11th Cir. 2003). It is

appropriate for the court to grant the defense of qualified immunity at the motion to dismiss stage.  *See Gonzalez, Id.*

13.    Defendants Gaynor and Schrock are entitled to qualified immunity because the actions they took with regard to Plaintiff were part of their discretionary duties as Lieutenants in the close management dorms for the Santa Rosa Correctional Institution.

14.    Plaintiff claims he was having a psychological emergency at the time of the alleged violations, and due to Defendants actions, he suffered psychologically and his mental illness was exacerbated. The Eleventh Circuit Court of Appeals has established three elements for an individual to properly establish a cause of action for cruel and unusual punishment within the medical context. In *Mann v. Taser,* the Court stated that a Plaintiff must 1) produce sufficient evidence of a serious medical need, 2) delineate defendant's deliberate indifference to that need, and 3) show causation to prove cruel and unusual punishment. *See Mann v. Taser Int'l, Inc.*, 588 F. 3d 1291, 1306-07 (11th Cir. 2009). In this instance, Plaintiff has failed to produce sufficient evidence of a serious medical need, Defendants' deliberate indifference to that need and causation. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, (11th Cir. 2009).

15.    The Eleventh Circuit has defined a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious

that even a lay person would reasonably recognize the necessity for a doctor's attention." *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, (11th Cir. 2009). Plaintiff also must establish that Defendant's acted with deliberate indifference for his health or safety. This occurs when prison employees or officials disregard an excessive known risk or exposure. *See Id*. Plaintiff must produce sufficient evidence to demonstrate Defendants' 1) subjective knowledge that serious harm is possible, 2) disregard of that risk, and 3) conduct that is more than mere negligence; in order to establish deliberate indifference. *Brown v. Johnson*, 387 F. 3d 1344, (11th Cir. 2004). In the instant case, Plaintiff has failed to reasonably support how Defendant Gaynor and Defendant Schrock deliberately acted with indifference to Plaintiff's medical needs, or how Defendants intentionally or deliberately were indifferent to Plaintiff's health or safety.

16.    Fed. R. Civ. P. 8(b) requires pleadings to show a right to relief through a "short and plain statement of the claim." Parties should clearly connect each factual allegation to the appropriate count in the complaint. *Ferrell v. Durbin*, 311 Fed. App'x 253, 259 (11th Cir. 2009). Fed. R. Civ. P. 10(b) requires that discrete claims should be pled in separate counts, which the plaintiff has not done.

17.    Government officials have a right to "fair notice" that their conduct deprives an individual of their constitutional right. "[N]o person [should be] convicted unless a fair warning has first been given 'in language that the common world will

understand, of what the law intends to do if a certain line is passed.'" *State v. DuFresne*, 782 So. 2d 888, 891 (Fla. 4th DCA 2001), approved, 826 So. 2d 272 (Fla. 2002) (*quoting McBoyle v. United States*, 283 U.S. 25 (1931)). In order for an alleged violation to be clearly established as unconstitutional, the law must be "concretely and factually defined" so as to make it "obvious to all reasonable government actors in the defendant's place that 'what he is doing' violates federal law. *See City of Hialeah v. Fernandez*, 661 So. 2d 335, 339 (Fla. 3d DCA 1995).

18.    At the time of the alleged violation, it was well settled that a deliberated indifference to a prisoner's serious medical needs by a prison official could give rise to a constitutional claim. *See Estelle*, 429 U.S. 97 (1976). An official is only considered deliberately indifferent if they are aware of the specific fact leading to or causing the substantial harm. *See Farmer v. Brennan*, U.S. 825, 837 (1994). In this case, there is no allegation that Defendant Gaynor or Defendant Schrock acted outside the routine practices of the Santa Rosa Correctional Institution practices, or that they were informed that standard discipline actions were not permitted and were hazardous to Plaintiff's mental health.

19.    When a pleading does not allege a defendant's personal knowledge of an incident, the Eleventh Circuit has held that knowledge must be demonstrated through evidence of a "widespread pattern" of constitutional violations. *Keith v. DeKalb County, Georgia*, 749 F. 3d 1034 at 1049 (11th Cir. 2014).  Deprivations

sufficient to constitute a widespread abuse must be obvious, flagrant, rampant, and continuous in duration, rather than isolated occurrences. *See id*. In this case, the plaintiff has failed to allege any knowledge on the part of Defendant Gaynor or Defendant Schrock, which would constitute a widespread patter of constitutional violations. Therefore, Defendant Gaynor and Defendant Schrock are entitled to qualified immunity and must be dismissed from this action.

20.    The Eleventh Circuit has condemned "shotgun pleadings" which unacceptably result in most of the counts containing irrelevant allegations and legal conclusions. *See Grapski v. Barcia*, No. 1:10-CV-00140-MP-GRJ, 2011 WL 3477041, at *5 (N.D. Fla. 2011) (*citing Strategic Income Fund, L.L.C. v. Spear Leeds & Kellogg Corporation*, 305 F. 3d 1293, 1295 (11th Cir. 2002)). Shotgun pleadings fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F. 3d 1313, 1321-1323 (11th Cir. 2015). A defendant is left to guess "which allegations of fact correspond to which defendant or claim for relief." *See Grapski*, (*citing Figueroa v. JP Morgan Chase Bank, N.A.*, No. 1:09–CV–1874–RWS, 2010 WL 411 7032, at *2 (N.D. Ga. 2010)) (*citing Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmt. Coll.*, 77 F.3d 364, 366 (11th Cir.1996)). "Each count within such a pleading becomes 'replete with factual allegations that could not possibly be material to that specific count, and ... any allegations that are

material are buried beneath ... pages of rambling irrelevancies.'" *See Grapski*, (*citing Magluta v. Samples*, 256 F. 3d 1282, 1284 (11th Cir. 2001)).

21.    For the reasons stated above, Defendants Gaynor and Schrock move this Court to dismiss the Plaintiff's Second Amended Complaint for failure to state a cause of action for which relief may be granted. The Statement of Facts contained in Plaintiff's Second Amended Complaint, asserts a cause of action against officers acting under color of law, in their official capacity, for which a defense may be asserted, and for which Plaintiff has failed to meet the required threshold to maintain an Eighth Amendment cause of action. Finally, the enumerated allegations in Plaintiff's Second Amended Complaint fail to allow each defendant an opportunity to adequately respond.

WHEREFORE, Defendants John Gaynor and Joseph Schrock, respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's Second Amended Complaint and provide such other relief as the Court deems just and proper.

## <u>CERTIFICATE OF COMPLIANCE WITH</u><br><u>NORTHERN DISTRICT OF FLORIDA LOCAL RULE 7.1(F)</u>

This Motion and Memorandum complies with the word limitation of N.D. Fla. Loc. R. 7.1(F) because this Motion and Memorandum contain 3,077 words, excluding the parts of the Motion and Memorandum exempted by N.D. Fla. Loc. R. 7.1(F).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF, to all counsel of record, and via U.S. Mail to pro se plaintiff, Joseph L. D'Alessandro, III, DC#: B08864, Santa Rosa Correctional Institution Annex, 5850 E. Milton Road, Milton, Florida, 32528, on this 4th day of December 2017.

/s/ *Jerry D. Sanders*
Jerry D. Sanders, Esq.
Florida Bar No.:112798
Michelle L. Hendrix, Esq.
Florida Bar No.: 0172510
Vernis & Bowling of Northwest Florida
315 South Palafox Street
Pensacola, FL 32502
Telephone: (850) 433-5461
Facsimile: (850) 432-0166
JSanders@Florida-Law.com
MHendrix@Florida-Law.com
LOdom@Florida-Law.com
*Attorney for Defendants,*
*John Gaynor*
*Joseph Schrock*