UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
CASE NO.: 3:17-CV-00097-LC-EMT

JOSEPH LOUIS D'ALESSANDRO, III,

    Plaintiff,

vs.

J. COKER, G. TAYLOR, SCHROCK, J. GAYNOR, W. STEPHENS, and ROSATI,

    Defendants.
_____/

## DEFENDANT ROSATI'S RESPONSE TO THE PLAINTIFF'S MOTION FOR DEFAULT AND MOTION FOR ENLARGEMENT OF TIME

Defendant Kimberly Rosati ("Rosati") files this Response to the Plaintiff's Motion for Default and Motion for Enlargement of Time as follows:

## MOTION

1. Joseph Louis D'Alessandro, III ("D'Alessandro") filed suit in this District, bringing prisoner civil rights claims. The operative pleading is the Second Amended Complaint ("Complaint") [ECF #11].

2. Rosati was served with the Complaint on December 12, 2017 [ECF #38]. Her responsive pleading was due February 12, 2018. D'Alessandro filed a Motion for Default [ECF #50]. A Notice of Appearance was filed today [ECF #51].

3. Default is not warranted, as the undersigned made an appearance, Rosati has meritorious defenses and D'Alessandro will suffer no prejudice.

4. An additional 30 days is needed to attempt to obtain medical and grievance records from the Florida Department of Corrections ("FDOC") before responding to the Complaint.

5. The undersigned is unable to consult with D'Alessandro regarding this Motion as he is incarcerated.

## MEMORANDUM OF LAW

### I. Background

D'Alessandro has been incarcerated in the FDOC since 2010, and has a current release date in 2029.[1] He claims he was improperly pepper sprayed by corrections officers on April 5, 2016 while at the Santa Rosa Correctional Institution. He also claims Rosati, a nurse no longer employed at the prison, failed to provide proper medical care by providing him with water to wash the pepper spray off his face [ECF #11, p. 9]. He seeks nominal damages [ECF #11, p. 9].[2]

Rosati was served with the Complaint on December 12, 2017, and her response is overdue. The undersigned learned of this case yesterday, and immediately contacted Rosati, who honestly believed she did not need to respond to the Complaint because that is what she thinks she was told by the marshal. This

---

[1] The FDOC Inmate Information Detail is available at
http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=1061101816
[2] The undersigned will address this directly with D'Alessandro in the near future.

was obviously erroneous.

## II. Argument

Although a default has not been entered, the grounds for setting aside a default are present. Those factors are: (1) whether the defaulting party has a meritorious defense; (2) the promptness with which the defaulting party acts; (3) the reason for default; and (4) potential prejudice to the non-defaulting party. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996).

Rosati has meritorious defenses, as it is unlikely that D'Alessandro had a serious medical need at the time of his interaction with her. *See e.g., Thompson v. Quinn,* No. 3:11cv533/RV/EMT, 2013 U.S. Dist. LEXIS 69695, 2013 WL 2151715, at *12 (N.D. Fla. May 16, 2013) (holding a prisoner failed to show more than a *de minimis* physical injury from the use of pepper spray); *Kornagay v. Burt*, No. 3:09cv281/LAC/EMT, 2011 U.S. Dist. LEXIS 23522, 2011 WL 839496 (N.D. Fla. Feb. 8, 2011) (same). Other defenses are likely, such as Rosati's care was entirely proper, but medical records, which Rosati does not have access to, must be obtained from the FDOC. The other factors are easily met, as this response is filed less than 24 hours after the Motion was discovered; Rosati did not act in a willful manner; and there is no prejudice, as other Defendants recently filed dismissal motions [ECF ##47, 48].

Rosati asks for an additional 30 days to file her dismissal motion, and will use that time to obtain records from the FDOC. Federal Rule of civil Procedure 6(b) provides, in pertinent part, that:

> When by these rules or by a notice given thereunder or by order of court, an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

By its express terms, the Rule affords wide discretion to this Court to enlarge time periods established by the procedural rules or a court order. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir.2001); *Woods v. Allied Concord Financial Corp.*, 373 F.2d 733 (5th Cir. 1967). Rule 6 should be applied liberally "to secure the just, speedy and inexpensive determination of every action." Enlargements of time should be available when a party demonstrates a reasonable basis for such request. *See Beaufort Concrete Company v. Atlantic States Construction Company*, 352 F.2d 460 (5th Cir. 1965).

Rosati recognizes this case was filed a little more than a year ago, and the Court expects these types of cases to come to an early resolution. However, service was ordered relatively recently. Furthermore Rosati will use the time to obtain records that will likely bring an early resolution.

### III.  Conclusion

For the foregoing reasons, the default motion should be denied and Rosati

should be allowed an additional 30 days to file a response to the Complaint.

## CERTIFICATE OF WORD LIMIT

Pursuant to Local Rule 7.1(F), this Motion contains 794 words.

By:   /s/ Gregg A. Toomey
       Gregg A. Toomey
       Florida Bar No. 159689

The Toomey Law Firm LLC • The Old Robb & Stucky Building, Suite 203 • 1625 Hendry Street • Fort Myers, Florida 33901

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __ day of March, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, and will send a copy of the foregoing via U.S. Mail and/or electronically to the following:

Joseph L. D'Alessandro, III
DC# B08864
Santa Rosa Correctional Institution Annex
5850 East Milton Road
Milton, FL 32583
*Pro Se*

Jerry D. Sanders
Michelle L. Hendrix
*Attorneys for Defendants Coker, Taylor, Schrock, Gaynor and Stephens*
Vernis & Bowling of NW Florida, PA
315 S. Palafox Street
Pensacola, FL 32502
Phone: 850-433-5461
Fax: 850-432-0166
Email: jsanders@florida-law.com
mhendrix@florida-law.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendant Rosati*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

By:   /s/ Gregg A. Toomey
     Gregg A. Toomey
     Florida Bar No. 159689