**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**
**CASE NO.: 3:17-CV-00097-LC-EMT**

JOSEPH LOUIS D'ALESSANDRO, III,

      Plaintiff,

vs.

J. COKER, G. TAYLOR, SCHROCK, J.
GAYNOR, W. STEPHENS, and ROSATI,

      Defendants.

_____/

**<u>DEFENDANT ROSATI'S MOTION TO REOPEN DISCOVERY</u>**

    Defendant Kimberly Rosati ("Rosati") files this Motion to Reopen Discovery as follows:

**<u>MOTION</u>**

    1.    Joseph Louis D'Alessandro, III ("D'Alessandro") filed suit in this District, bringing prisoner civil rights claims. The operative pleading is the Second Amended Complaint ("Complaint") [ECF #11].

    2.    Rosati was served with the Complaint on December 12, 2017 [ECF #38]. Her responsive pleading was due February 12, 2018. D'Alessandro filed a default motion, and Rosati responded on March 1, 2018, which also requested an additional thirty days to obtain records from the Florida Department of Corrections [ECF ##50, 52].

3.     Per this Court's Case Management and Scheduling Order, the discovery period ended on February 2, 2018. [ECF #26].  Discovery should be reopened for the limited purpose of obtaining records from the Florida Department of Corrections.

4.     The undersigned is unable to consult with D'Alessandro regarding this Motion as he is incarcerated.

## MEMORANDUM OF LAW

### I.     Background

D'Alessandro has been incarcerated in the FDOC since 2010, and has a current release date in 2029.[1]  He claims he was improperly pepper sprayed by corrections officers on April 5, 2016 while at the Santa Rosa Correctional Institution.  He also claims Rosati, a nurse no longer employed at the prison, failed to provide proper medical care by providing him with water to wash the pepper spray off his face [ECF #11, p. 9].  He seeks nominal damages [ECF #11, p. 9].

### II.     Argument

Federal Rule of civil Procedure 6(b) provides, in pertinent part, that:

> When by these rules or by a notice given thereunder or by order of court, an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

---

[1]  The FDOC Inmate Information Detail is available at
http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=1061101816

By its express terms, the Rule affords wide discretion to this Court to enlarge time periods established by the procedural rules or a court order.  *See Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269* (11th Cir.2001); *Woods v. Allied Concord Financial Corp., 373 F.2d 733* (5th Cir. 1967).  Rule 6 should be applied liberally "to secure the just, speedy and inexpensive determination of every action."  Enlargements of time should be available when a party demonstrates a reasonable basis for such request.  *See Beaufort Concrete Company v. Atlantic States Construction Company*, 352 F.2d 460 (5th Cir. 1965).

A reasonable basis exists to reopen discovery.  Rosati only recently entered the case.  Resolution is largely dependent on medical and grievance records from the Florida Department of Corrections, which will not provide records to the undersigned without a subpoena.  D'Alessandro will not be prejudiced by a short delay, especially since other Defendants recently filed dismissal motions [ECF ##47, 48].  Therefore, discovery should be reopened for thirty days, and limited to obtaining medical and grievance records.

## III.   Conclusion

For the foregoing reasons, this Motion should be granted and discovery should be reopened for the limited purpose stated here.

## CERTIFICATE OF WORD LIMIT

Pursuant to Local Rule 7.1(F), this Motion contains 533 words.

By:     /s/ Gregg A. Toomey
      Gregg A. Toomey
      Florida Bar No. 159689

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, and will send a copy of the foregoing via U.S. Mail and/or electronically to the following:

Joseph L. D'Alessandro, III
DC# B08864
Santa Rosa Correctional Institution
Annex
5850 East Milton Road
Milton, FL 32583
*Pro Se*

Jerry D. Sanders
Michelle L. Hendrix
*Attorneys for Defendants Coker, Taylor,*
*Schrock, Gaynor and Stephens*
Vernis & Bowling of NW Florida, PA
315 S. Palafox Street
Pensacola, FL 32502
Phone: 850-433-5461
Fax: 850-432-0166
Email: jsanders@florida-law.com
mhendrix@florida-law.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendant Rosati*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com,
alr@thetoomeylawfirm.com, and
hms@thetoomeylawfirm.com

By:     /s/ Gregg A. Toomey
      Gregg A. Toomey
      Florida Bar No. 159689